**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**S-M-M**, an adult,

Petitioner,

v.

**JULIO HERNANDEZ**, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations; **TODD LYONS**, Acting Director of Immigration Customs Enforcement; **MARKWAYNE MULLIN**, Secretary of the Department of Homeland Security; **TODD BLANCHE**, Acting Attorney General of the United States; **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**; **U.S. DEPARTMENT OF HOMELAND SECURITY,**

Respondents.

Case No. 6:26-cv-1055-SI

Agency No. AXXX-XXX-865

**ORDER**

**Michael H. Simon, District Judge.**

Petitioner S-M-M, ("Petitioner") is a noncitizen. He is a forty-one-year-old man from Oaxaca, Mexico who came into to the United States at the age of thirteen. He is married, employed, and is the sole provider for his four children who are all American citizens. Petitioner

was driving to work on May 26, 2026, when his vehicle was pulled over by an unmarked car. He was detained by federal agents in the unmarked car.

Now before the Court is a Petition for Writ of Habeas Corpus ("Petition"). ECF 1. Petitioner alleges that Respondents have unlawfully detained Petitioner in violation of his Fifth Amendment right to Due Process. Petitioner contends that Respondents detained Petitioner not based on his individual circumstances but instead to comply with perceived general instructions from President Donald J. Trump, and without the required hearing. Petitioner also alleges that this conduct violates the Administrative Procedure Act as an abuse of discretion, arbitrary and capricious conduct, and violative of immigration law.

The Court generally has jurisdiction over habeas petitions. *See* 28 U.S.C § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States"). Moreover, "a federal court always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give a court a reasonable opportunity to determine whether it has subject-matter jurisdiction and whether venue is proper in a district, and if so to consider the validity of a habeas petition, a court may order the preservation of the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the underlying action's merits. *See id.* at 293-94. This principle applies with even greater force when the action a court enjoins would otherwise destroy its jurisdiction or moot the case. *See Garcia v.*

*United States Customs & Border Prot.*, 2021 WL 4815945, at *6 (C.D. Cal. Aug. 20, 2021) ("[E]quity requires that his case not be rendered moot before it has begun. A preliminary injunction against his continued accrual of unlawful presence is appropriate as it merely maintains the status quo pending resolution of his underlying claims.").[1]

Upon review of the Petition, the Court ORDERS:

1. Petitioner may proceed anonymously in this case.[2]

2. The Court Clerk shall promptly serve a copy of this Order upon Respondents and the United States Attorney for the District of Oregon via: USAOR.CivilHabeas@usdoj.gov.

3. Not later than June 2, 2026, at noon Pacific Time, Respondents shall answer or otherwise respond to the Petition.

---

[1] Courts around the country exercise their authority under the All Writs Act to maintain their jurisdiction over pending immigration matters by preserving the status quo. *See, e.g.*, *J.A.V. v. Trump*, 780 F. Supp. 3d 705, 708 (S.D. Tex. Apr. 24, 2025) (enjoining respondents under the All Writs Act from "transferring, relocating, deporting, or removing" any petitioner outside of the Southern District of Texas because "maintaining the status quo is required to afford the Court the ability to consider the request for a preliminary injunction and other forms of relief . . . and to prevent the immediate and irreparable injury that may occur with the immediate removal of any [petitioner]"); *Du v. U.S. Dep't of Homeland Sec.*, 2025 WL 1317944, at *1-2 (D. Conn. Apr. 24, 2025) (enjoining defendants from removing and deporting any plaintiffs from the District of Connecticut in order to preserve the status quo and maintain the court's jurisdiction over the case pending ruling on the motion); *Doe v. Bondi*, 2025 WL 1870979, at *1-2 (S.D. Cal. June 11, 2025) (explaining that "[f]ederal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court" and finding that "a limited-duration stay to maintain the *status quo* is appropriate because it will allow the Court to hold a hearing and provide a reasoned decision to the request at hand"); *Batooie v. Ceja*, 2025 WL 1836695, at *2 (D. Colo. July 3, 2025) (enjoining defendants from removing the petitioner from the District of Colorado pursuant to the All Writs Act and Rule 65(b) of the Federal Rules of Civil Procedure in order to preserve the court's jurisdiction); *E-C-R- v. Noem*, 2025 WL 2300543, at *1-2 (D. Or. July 16, 2025) (enjoining the same with respect to a plaintiff from the District of Oregon).

[2] Petitioner's counsel is directed to provide Respondents with the complete Agency number and Petitioner's full name for purposes of complying with this Order.

4. If Petitioner remains in custody, Respondents must make Petitioner available for a three-hour telephonic visit with his attorney, during business hours, on or before May 29, 2026, and must provide counsel with at least two hours' notice.

5. Respondents must allow Petitioner's counsel to accompany Petitioner to all further immigration matters, hearings, and meetings, including check-ins with Immigration and Customs Enforcement, and provide counsel with at least 24 hours' notice of such matters.

6. Unless otherwise ordered by the Court, Respondents shall not move Petitioner outside the District of Oregon without further order of the Court.

7. If Respondents already have moved Petitioner outside of the District of Oregon, Respondents are Ordered to notify the Court **within two hours of being served with this Order**. Respondents are further Ordered to file on the record, under oath, the exact date and time that Petitioner was transferred out of the District of Oregon and the reason why Respondents believed that such a move was immediately necessary.

**IT IS SO ORDERED.**

DATED this 27th day of May, 2026.

Michael H. Simon
United States District Judge